BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re Zantac/Ranitidine NDMA Litigation | MDL No. 2924 |

**REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS
TO THE DISTRICT OF NEW JERSEY PURSUANT TO 28 U.S.C. § 1407
<u>FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS</u>**

On November 4, 2019, the undersigned Movants/Plaintiffs[1] filed their 28 U.S.C. § 1407 Motion seeking the centralization of all Zantac/ranitidine-related litigation in a single district, and, argued that the District of New Jersey is the most appropriate transferee forum.[2] Since then, *all* parties who submitted a response in these proceedings have supported centralization of this litigation into a single judicial district. And, although several transferee districts have been proposed by the parties, the District of New Jersey best serves the "convenience of the parties and witnesses" and promotes "the just efficient of conduct of this litigation." Among other things, the District of New Jersey:

- Is supported by the most parties,[3] including *all* Defendants;[4]

- Is the venue in which the most cases have been filed;

- Far and away, has the closest connection to this litigation in that it is the U.S. base of Sanofi, the current manufacturer of Zantac (before it pulled Zantac from the market), and, the other three manufacturer defendant groups are headquartered in adjacent Northeastern states making New Jersey a center of gravity for this litigation; and

- Is highly accessible to all parties.

---

[1] These plaintiffs are identified on page one of their Amended Brief in Support of Plaintiffs' Motion for Transfer of Actions (ECF No. 2), and, for convenience, are also identified on Exhibit A to this memorandum. Hereafter, these plaintiffs are referred to as *Movants/Plaintiffs*.

[2] ECF No. 1.

[3] *See* Exhibit B attached to this brief identifying each response filed in this MDL and which jurisdiction each party is arguing is the most appropriate transferee forum.

[4] Technically, the major Defendants, the manufacturers of Zantac since the drug was introduced, support transfer to the District of New Jersey. A small handful of cases have named some retailers and generic manufacturers as defendants. It is not known whether these defendants have been served or which transferee district these entities advocate for.

1. *Centralization of these actions is supported by all parties and clearly warranted.*

Each party that has filed a response to Movant/Plaintiffs' motion has supported centralization of this litigation in a single judicial district. Currently, this litigation consists of approximately 50 actions filed in 16 different judicial districts. New litigations are being filed virtually every day. All actions allege that Zantac either contains or metabolizes into the carcinogen NDMA. Consequently, all actions involve numerous common questions of fact, and, given the number of cases now pending, and likely to be filed, centralization of these actions will serve the convenience of the parties and prevent duplicative discovery.

2. *The District of New Jersey is the most appropriate transferee forum for this litigation.*

No proposed transferee district better suits the convenience of the parties and witnesses in the litigation, or, promotes the just and efficient conduct of these actions, than the District of New Jersey. All Zantac manufacturer defendants support the District of New Jersey. These Defendants are based in the Northeast in New Jersey, Pennsylvania, Connecticut, and New York. All, or virtually all, of the witnesses and documents in this case will be located in New Jersey or the surrounding states. Thus, although this litigation is nationwide in scope, the "center of gravity" of this case is in the District of New Jersey.[5]

As to the appropriate transferee judge in the District of New Jersey, the Panel and the particular judge are best suited to make that assessment based on any particular judge's work-load and responsibilities within any particular transferred jurisdiction as well as his or her MDL docket. Currently, all or virtually all, Zantac cases in the District of New Jersey are assigned to Chief Judge

---

[5] *See, e.g., In re Dollar General Corp. Motor Oil Mktg. & Sales Practices, Litig.*, 190 F. Supp. 3d 1361, 1363 (J.P.M.L. 2016).

Freda L. Wolfson. We note, however, in May 2019, the U.S. Supreme Court overturned dismissal of *In re Fosamax (alendronate sodium) Product Liab. Litig.*, MDL No. 2243 (D.N.J.), and remanded the case to the Third Circuit. And recently, on November 25, 2019, the Third Circuit remanded all *Fosamax* cases back to the MDL judge, Judge Wolfson, to "allow that court to determine in the first instance whether the plaintiffs' state law claims are preempted by federal law under the standards described by the Supreme Court in its opinion."[6] The *Fosamax* litigation consists of approximately 267 individual litigations.[7] Thus, while *Fosamax* had been dormant for some time, it has again become an active MDL for Judge Wolfson, along with *In re Plavix Mktg., Sales Practices & Prod. Liab. Litig.*, No. 3:13-cv-2418 (D.N.J.) and *In re Johnson & Johnson Talcum Powder Prod. Mktng., Sales Practices & Prod. Liab. Litig.*, 3:16-md-2738 (D.N.J.)(*Talc Litigation*).[8]

As Movants/Plaintiffs noted in their moving brief,[9] Judge Brian R. Martinotti recently brought *In re Invokana (Canagliflozin) Products Liability Litig.*[10] to a successful conclusion in under three years. Prior to Judge Martinotti becoming a District Court Judge, he was a New Jersey state court judge who was one of only three New Jersey state court judges who handled mass tort litigations and therefore, has extensive experience handling cases like this.[11]

---

[6] November 25, 2019 Order in *In re: Fosamax (Alendronate Sodium) Product Liab. Litig.*, Nos. 14-900, et al. (3d Cir.).

[7] https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDLs_by_District-November-19-2019.pdf at page 3 of 5 (last visited December 2, 2019).

[8] *Id.*

[9] Amended Brief in Support of Plaintiffs' Motion for Transfer of Actions (ECF No. 2) p. 18, fn. 32.

[10] MDL No. 2750.

[11] https://obamawhitehouse.archives.gov/the-press-office/2015/06/12/president-obama-nominates-two-serve-united-states-district-courts (last visited December 2, 2019).

3. *As an alternative to the District of New Jersey, the Southern District of Florida is an appropriate transferee forum.*

Although Movants/Plaintiffs believe the District of New Jersey is the most appropriate transferee forum particularly given the benefits of personal jurisdiction in New Jersey, should the Panel decide it is not, Movants/Plaintiffs believe that the Southern District of Florida is also an appropriate transferee forum. Like the District of New Jersey, the Southern District of Florida also enjoys support among a number of the parties. The Southern District of Florida is also home to some of the earliest cases filed in this litigation, and, like the judges in the other proposed transferee forums, possess some of the finest jurists on the Federal Bench who are eminently capable of steering this litigation.

<u>Conclusion</u>

For the foregoing reasons, the Movants/Plaintiffs respectfully request that the Panel centralize all of the Zantac litigation in the District of New Jersey, or, in the alternative, the Southern District of Florida.

Dated: December 4, 2019

Respectfully submitted,

By: */s/ Jason A. Zweig*

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Jason A. Zweig
Zoran Tasić
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949

jasonz@hbsslaw.com
zorant@hbsslaw.com

*Attorneys for Plaintiffs Christina Garza,
Pankaj Khetarpal, Corina Lingerfelt, Justin Rowe,
Michael Burke, Stephanie Frasier, Richard Harris,
Jonathan Dimesky, Mohammed Haridi,
Mary Santorella, Kassie Benson, Lisa Prisinzano,
George Cravens, Donald Boland, Venus Sykes,
Jarquisha Harris, Ronald Maranto, Scott Moser,
Kileen Gromelski, Michael DeLuccia,
Paul Burpulis, and Fernando Zaragoza*

Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
shanas@hbsslaw.com

*Attorney for Plaintiffs Christina Garza,
Pankaj Khetarpal, Corina Lingerfelt, and
Justin Rowe*

James E. Cecchi
CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY
& AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
jcecchi@carellabyrne.com

*Attorney for Plaintiffs Mary Santorella,
Michael Burke, Stephanie Frazier, Richard Harris,
Kassie Benson, Lisa Prisinzano, George Cravens,
Donald Boland, Venus Sykes, Jarquisha Harris,
Ronald Maranto, Scott Moser, Kileen Gromelski,
Michael DeLuccia, and Paul Burpulis*

Robert C. Hilliard
HILLIARD MARTINEZ GONZALEZ L.L.P.
719 S. Shoreline Blvd.
Corpus Christi, TX 78401
Telephone: (361) 882-1612
bobh@hmglawfirm.com

*Attorney for Plaintiffs George Cravens, Donald Boland, Venus Sykes, Jarquisha Harris, Ronald Maranto, Scott Moser, Kileen Gromelski, Michael DeLuccia, Fernando Zaragoza, and Paul Burpulis*

Craig A. Raabe
IZARD, KINDALL & RAABE LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
craabe@ikrlaw.com

*Attorney for Plaintiffs Jonathan Dimesky, Mohammed Haridi, Michael Burke, Stephanie Frasier, Richard Harris, George Cravens, Donald Boland, Venus Sykes, Jarquisha Harris, Ronald Maranto, Scott Moser, Kileen Gromelski, Michael DeLuccia, Fernando Zaragoza, and Paul Burpulis*