UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ZANTAC (RANITIDINE)
PRODUCTS LIABILITY LITIGATION                                              MDL No. 2924


ORDER DENYING TRANSFER


**Before the Panel**:\*   Defendants GlaxoSmithKline plc and GlaxoSmithKline LLC (collectively, GSK) move under 28 U.S.C. § 1407(c) to transfer the Eastern District of Pennsylvania *Valisure* action listed on Schedule A to the Southern District of Florida for inclusion in MDL No. 2924.  Plaintiff-relator Valisure LLC opposes transfer.

In support of transfer, GSK argues that *Valisure*—a *qui tam* action brought by an online pharmacy and testing laboratory that filed a Citizen Petition in 2019 asking the U.S. Food and Drug Administration to recall Zantac based on Valisure's product testing—shares common questions of fact with the actions transferred to MDL No. 2924 and that transfer will promote the just and efficient conduct of the litigation.  *Valisure*, however, presents unique claims under federal and state false claims acts that have not previously been litigated in this MDL.  And while *Valisure* presents some common factual questions with the actions in the MDL, the MDL proceedings have reached an advanced stage.  Common discovery within the MDL has concluded, and the transferee court has granted summary judgment to defendants with respect to most of the actions filed in or transferred to the MDL.  Though we continue to transfer personal injury actions to the MDL, those actions are subject to an expedited procedure by which plaintiffs must either show cause why the court's prior general causation decisions should not apply to their respective actions (if they allege a "designated cancer") or they must provide expert evidence relating to general causation (if they allege a "non-designated cancer").  *See* Pretrial Order #83, *In re Zantac (Ranitidine) Prods. Liab. Litig.*, C.A. No. 9:20-md-02924 (S.D. Fla. May 30, 2023), ECF No. 6642 (Order to Show Cause in Later-Filed Designated Cancer Cases); Pretrial Order #81, *id.* (S.D. Fla. Feb. 14, 2023), ECF No. 6271 (Further Proceedings for Cases Alleging Non-Designated Cancers).

Transfer of this *qui tam* action, at this stage of the MDL proceedings, will not result in significant efficiencies.  Rather, transferring this new action—which does not easily fit within the framework established by the transferee court for the resolution of the remaining actions in the MDL—may complicate the winding down of this MDL proceeding.  Additionally, we are not persuaded that litigating *Valisure* in the Eastern District of Pennsylvania poses a substantial risk of duplication of efforts or inconsistent pretrial rulings, particularly given the parties' familiarity

---

\* Judges Karen K. Caldwell, Nathaniel M. Gorton, and David C. Norton did not participate in the decision of this matter.

- 2 -

with both the discovery conducted in the MDL and the transferee court's rulings, to the extent these are relevant to the claims in *Valisure*. Therefore, after considering the parties' arguments, we find that transfer of the action listed on Schedule A under 28 U.S.C. § 1407 will not serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation.

    IT IS THEREFORE ORDERED that the motion to transfer the action listed on Schedule A to MDL No. 2924 is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Matthew F. Kennelly
Acting Chair

Roger T. Benitez        Dale A. Kimball
Madeline Cox Arleo

**IN RE: ZANTAC (RANITIDINE)**
**PRODUCTS LIABILITY LITIGATION**                                 MDL No. 2924

## SCHEDULE A

<u>Eastern District of Pennsylvania</u>

VALISURE LLC, ET AL. v. GLAXOSMITHKLINE PLC, ET AL., C.A. No. 2:19−04239